UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ROBERT WILLIAMS, JR.                *    CIVIL ACTION NO.  17-0924

VERSUS                              *    JUDGE ROBERT G. JAMES

NANCY A. BERRYHILL, ACTING          *    MAG. JUDGE KAREN L. HAYES
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

On January 4, 2018, the undersigned notified plaintiff pro se Robert Williams, Jr. that the court intended to dismiss this matter with prejudice pursuant to Rule 41(b) *unless*, by January 18, 2018, he:  1) filed his appeal brief in belated compliance with the court's Aug. 7, 2017, Scheduling Order [doc. # 7]; *or* 2) otherwise petitioned the court for an extension of time, supported by good cause.  (Jan. 4, 2018, Notice of Intent to Dismiss [doc. # 9]).  To date, plaintiff has failed to respond to the court order.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the

opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored at least two court orders.  Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action.  Further, because plaintiff is proceeding in forma pauperis in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[1]  Finally, plaintiff's unrepentant flaunting of court orders[2] reflects his own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to him as a pro se litigant.[4]

---

[1]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[2]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[3]  *See Millan, supra*.

[4]  While the court is cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592,

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with prejudice in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of March, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

_____

593 (5th Cir. 1981)).